Jeffrey ALNWICK, individually and derivatively for Big Blue Europe, B.V., Marie Alnwick, individually and derivatively for Big Blue Europe, B.V., and Big Blue Products, Inc., Plaintiffs–Appellants,

v.

EUROPEAN MICRO HOLDINGS, INC., European Micro PLC, John B. Gallagher, and Harry D. Shields, Defendants–Appellees,

and

Big Blue Europe, B.V., Nominal Defendant–Appellee.

Docket No. 01–7548.

United States Court of Appeals, Second Circuit.

March 15, 2002.

Jay Spievack; Stephen Wagner, Mitchell B. Reiter, Leo L. Esses, of counsel, Cohen, Tauber, Spievack & Wagner, New York, NY, for Appellants.

Stuart A. Summit; Michael S. Fischman, of counsel, Phillips, Nizer, Benjamin, Krim & Ballon, New York, NY, for Appellees.

Present WALKER, Chief Judge, CABRANES and STRAUB, Circuit Judges.

## SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and hereby is **VACATED AND REMANDED.**

This case concerns numerous allegations of fraud, breach of contract, and breach of fiduciary duty alleged by plaintiffs, residents of the Eastern District of New York, arising out of their participation with defendants in a joint venture known as Big Blue Europe, B.V. that was incorporated in the Netherlands. The individual defendants are United States citizens and residents of Tennessee and Florida. In its March 22, 2001 Memorandum of Decision and Order and in its April 9, 2001 Final Order Dismissing Entire Action, the District Court dismissed plaintiffs' action in its entirety based on *forum non conveniens* in favor of litigation in the Netherlands. *Alnwick v. European Micro Holdings, Inc.,* 137 F.Supp.2d 112 (E.D.N.Y. 2001); *Alnwick v. European Micro Holdings, Inc.,* 137 F.Supp.2d 112 114 (E.D.N.Y.2001) (Final Order Dismissing Entire Action). On this timely appeal, plaintiffs challenge the District Court's grant of defendants' motion to dismiss based on the doctrine of *forum non conveniens.*

In reaching its decision, the District Court analyzed and weighed various private and public interest factors articulated by the United States Supreme Court in *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 508, 67 S.Ct. 839, 91 L.Ed. 1055 (1947). However, the District Court did not have the benefit of our recent *en banc* decision in *Iragorri v. United Technologies Corp.,* 274 F.3d 65 (2d Cir.2001) (*en banc*) to guide

its evaluation. Accordingly, we vacate the District Court's judgment and remand the case to the court for reconsideration in light of *Iragorri.*

■ In *Iragorri,* we acknowledged the "broad discretion" enjoyed by a district court on a motion to dismiss for *forum non conveniens,* but we cautioned that "the district court must follow the governing legal standards." *Id.* at 72. In that vein, we instructed that "a court reviewing a motion to dismiss for *forum non conveniens* should begin with the assumption that the plaintiff's choice of forum will stand unless the defendant meets the burden of demonstrating" that "'trial in the chosen forum would be unnecessarily burdensome for the defendant or the court.'" *Id.* at 71 (quoting *Piper Aircraft Co. v. Reyno,* 454 U.S. 235, 256 n. 23, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981)). We stated that "unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." *Id.* at 70–71 (quoting *Gilbert,* 330 U.S. at 508). Thus, the District Court's reconsideration should be informed by these two guiding principles: (1) the "strong presumption" in favor of a United States plaintiff's choice to litigate in his home forum, *see Piper,* 454 U.S. at 255; *Allstate Life Ins. Co. v. Linter Group Ltd.,* 994 F.2d 996, 1001 (2d Cir.1993), and (2) the demanding requirement that a defendant show "oppressiveness and vexation ... out of all proportion to plaintiff's convenience," *see Koster v. (Am.) Lumbermens Mut. Cas. Co.,* 330 U.S. 518, 524, 67 S.Ct. 828, 91 L.Ed. 1067 (1947).

In addition, we highlight some other matters for the District Court's reconsideration on remand.

### 1. Ease of Access to Sources of Proof— Documents

In its opinion, the District Court noted that "the parties have already engaged in extensive discovery." *Alnwick,* 137 F.Supp.2d at 121. It has been observed that "whenever discovery in a case has proceeded substantially so that the parties already have invested much of the time and resources they will expend before trial, the presumption against dismissal on the grounds of *forum non conveniens* greatly increases." *Lony v. E.I. DuPont de Nemours & Co.,* 935 F.2d 604, 614 (3d Cir.1991); *accord Bank of Crete, S.A. v. Koskotas,* No. 88–8412, 1991 WL 280714, at *5 (S.D.N.Y. Dec. 20, 1991). Accordingly, the District Court should inquire as to the current, advanced state of discovery and make appropriate findings with respect thereto.

### 2. Availability of Compulsory Process—Witnesses

Because the plaintiffs' theory of their case and several of their claims are based on allegedly fraudulent conduct, (Compl.¶¶ 272–319), it is arguable that defendants Shields and Gallagher are the most important witnesses. In addition, the District Court shall consider the significance of the limits on live testimony of Dutch procedural law, (*see* Deckers Aff. ¶ 42), and shall consider whether the location of witnesses is as conducive to trial in New York as to trial in the Netherlands or is nearly so.

### 3. Practical Problems in Holding a Trial—Language Barriers

With respect to the potential for language difficulties in the case, it is clear that some translation may be necessary in this case regardless of whether the proceedings were held in the United States or the Netherlands. Accordingly, the District Court's analysis should again be guided by consideration of whether this possi-

bility would result in "oppressiveness and vexation to a defendant as to be out of all proportion to plaintiff's convenience." *Koster*, 330 U.S. at 524.

### 4. Administrative Burdens on the Court—Parallel Dutch Litigation

With respect to the pending actions filed by the defendants in Dutch court, we note that defendants filed their actions abroad between two and four months after plaintiffs filed their complaint in the United States District Court. The court should consider whether this fact affects the strong presumption in favor of plaintiffs' home forum choice and the principle that a plaintiff's choice of forum should only be disturbed where the balance of *Gilbert* factors is strongly in favor of the defendant.

### 5. Familiarity with Law to Be Applied—Choice of Law Issues

The District Court made some preliminary conclusions concerning whether Dutch or American law would apply to plaintiffs' various causes of action. On remand, the District Court should keep in mind that "[t]he need to apply foreign law is not in itself a reason to apply the doctrine of *forum non conveniens*." *See Manu Int'l, S.A. v. Avon Prods., Inc.*, 641 F.2d 62, 67 (2d Cir.1981).

### 6. Essence of Plaintiffs' Case

The District Court indicated that it viewed the instant case "as more of an intra-corporate dispute between a foreign corporation and its American directors." *Alnwick*, 137 F.Supp.2d at 128. Plaintiffs, however, have pleaded their lawsuit as one that "arises from a scheme orchestrated by Defendants to induce the Plaintiffs to disclose their proprietary know-how, trade secrets and expertise in the computer parts business under the guise of forming a joint venture...." (Appellees' Br. at 3;

*see also* Compl. ¶ 1.) *See generally Koster*, 330 U.S. at 527 ("There is no rule of law ... which requires dismissal of a suitor from the forum on a mere showing that the trial will involve issues which relate to the internal affairs of a foreign corporation. That is one, but only one, factor which may show convenience of parties or witnesses, the appropriateness of trial in a forum familiar with the law of the corporation's domicile, and the enforceability of the remedy if one be granted."); *accord Piper*, 454 U.S. at 262–63. *See also R. Maganlal & Co. v. M.G. Chem. Co.*, 942 F.2d 164, 168 (2d Cir.1991) (finding abuse of discretion where district court misidentified central issue of action, thereby tainting its entire *forum non conveniens* analysis); *Overseas Programming Cos., Ltd. v. Cinematographische Commerz–Anstalt*, 684 F.2d 232, 235 (2d Cir.1982) (same).

### 7. Plaintiffs' Fraud Claims

Fraud allegations are typically afforded great weight by district courts when analyzing the *Gilbert* factors. *See, e.g., Herbstein v. Bruetman*, 743 F.Supp. 184, 189 (S.D.N.Y.1990) ("United States courts have a definite relation to the litigation, when a fraud allegedly is perpetrated against one of its residents."). Though the District Court has indicated skepticism about the viability of plaintiffs' fraud claims, the *Gilbert* factors do not include consideration of the merits of a particular claim or law suit on a motion to dismiss for *forum non conveniens*. *See Gilbert*, 330 U.S. at 508. Moreover, this Court has stated that "[t]he doctrine of *forum non conveniens* is intended to avoid trial in inappropriate forums, not to avoid meritless suits." *Manu*, 641 F.2d at 68 (noting also that dismissal for *forum non conveniens* is not a "proper" substitute for summary judgment).

The judgment of the District Court is hereby **VACATED** and the case is **REMANDED** for reconsideration in light of *Iragorri*, 274 F.3d at 65, and the considerations noted above.